IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,                    No. 2:10-cv-2834 KJN P

   vs.

B. SULLIVAN, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       By order filed January 7, 2010, plaintiff was determined to have sustained three strikes pursuant to 28 U.S.C. § 1915(g). See Case No. 2:09-cv-3305 JFM (E.D. Cal.).[1] Pursuant to that order, plaintiff is ineligible to proceed in forma pauperis and must pay the filing fee in full in order to proceed herein. Accordingly, plaintiff's motion to proceed in forma pauperis will be denied and plaintiff will be provided the opportunity to submit the appropriate filing fee.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

Plaintiff is presently housed at High Desert State Prison. Plaintiff alleges he was transported to court in Sacramento three times and the lengthy transport had "an impact on plaintiff's medical injury." (Dkt. No. 1 at 3.) Plaintiff states he cannot sit down for that long of a ride. (Id.) Plaintiff also claims he is "under imminent danger of serious significant injury," (id.), suggesting his claim should be allowed to go forward absent payment of the required filing fee.

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. The imminent danger "exception applies if the danger existed at the time the prisoner filed the complaint." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007). "[T]he issue [under § 1915(g)] is whether the complaint, as a whole, alleges imminent danger of serious physical injury." Andrews, 493 F.3d at 1053 (citation omitted).

Here, plaintiff has failed to demonstrate that he will be transported to Sacramento again in the near future. Review of the Sacramento County Superior Court records reflect his last filing was a writ of habeas corpus in 04F09019, which was transferred on October 19, 2004.[2] Plaintiff had one civil case filed in the Sacramento County Superior Court, also filed in 2004: 04CS01359.[3] Review of his cases pending in the Eastern District also reveal no impending court

---

[2] Superior Court of California, County of Sacramento, Index Search System, https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=BROWNLEE,TERRENCE,,4071523 (accessed November 5, 2010).

[3] Superior Court of California, County of Sacramento, Index Search System, https://services.saccourt.com/indexsearchnew/CVFLPRPersonList.aspx?SearchValues=CV||BROWNLEE,%20TERRENCE|01/01/2004|12/31/2010|Name|Asc(exact) (accessed November 5,

appearances.[4]  Indeed, pursuant to Local Rule 230(*l*), most cases filed by prisoners proceed on the papers, requiring no appearance by either party.  Id.

Moreover, the administrative grievances plaintiff provided with his complaint demonstrate plaintiff does not have a medical chrono stating he cannot sit in a vehicle seat for a long period of time.  (Dkt. No. 1 at 17.)  Plaintiff cites other medical chronos that state "no repetitive bending, stopping or twisting," but none reflect limitations on sitting.  In addition, the Associate Warden explained to plaintiff how he could seek a transfer to a different prison through proper channels.  (Id.)

After review of plaintiff's 30 page complaint, as a whole, this court cannot find that plaintiff faced imminent danger of serious physical injury on October 17, 2010, the date he signed the instant complaint.[5]  Accordingly, plaintiff must prepay the entire filing fee in order to proceed in this action.  Plaintiff is cautioned that failure to pay the fee in full will result in a recommendation that this action be dismissed.

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Therefore, plaintiff's request for the

---

2010).

[4] In 2:07-cv-2040 LKK GGH, Brownlee v. Armoskus, findings and recommendations recommending dismissal of the civil rights action are pending.  In Case Nos. 2:08-cv-0661 LKK GGH, 2:09-cv-2521 KJM and 2:10-cv-0925 LKK KJM, dispositive motions are pending and will be resolved on the papers.

[5] The Supreme Court has held that the situation of pro se prisoners seeking to meet court deadlines is unique and that therefore a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988).

appointment of counsel will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 1, 2010 motion to proceed in forma pauperis is denied.

2. Plaintiff shall submit, within twenty-eight days from the date of this order the $350.00 filing fee. Plaintiff's failure to timely pay the filing fee in full will result in a recommendation that this action be dismissed.

3. Plaintiff's October 20, 2010 request for the appointment of counsel is denied.

DATED: November 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow2834.pf

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10  TERRENCE BROWNLEE,
11           Plaintiff,                         No. 2:10-cv-2834 KJN P
12      vs.
13  B. SULLIVAN, et al.,                        SUBMISSION OF
14           Defendants.                        FILING FEE
15  _____/
16           Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18           _____         The appropriate filing fee
19  DATED:
20
21                                              _____
22                                              Plaintiff
23
24
25
26