1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE BROWNLEE,

11            Plaintiff,                    No. 2:10-cv-2834 JAM KJN P

12      vs.

13   B. SULLIVAN, et al.,

14            Defendants.           FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is barred from proceeding in forma pauperis under the three strikes

17   provision of 28 U.S.C. § 1915(g).  Brownlee v. Swingle, Case No. 09-cv-3305 JFM (January 7,

18   2010 Order).[1]  In the instant case, by an order filed November 9, 2010, plaintiff was ordered to

19   pay the filing fee in full within twenty-eight days, and was cautioned that failure to do so would

20   result in a recommendation that this action be dismissed.  On December 2, 2010, plaintiff filed a

21   document entitled "Response and Answer to Court Order," in which plaintiff claims he is entitled

22   to the "imminent danger of serious physical injury" exception to the three strikes provision of 28

23   U.S.C. § 1915(g).  Plaintiff has not paid the $350.00 filing fee.

24            As noted above, there is an exception to the three-strikes bar, which allows a

25   _____

26      [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986).

1

1    plaintiff to proceed without prepaying the $350.00 fee when "the prisoner is under imminent

2    danger of serious physical injury." 28 U.S.C. § 1915(g).  Whether a prisoner qualifies for the

3    exception is assessed based on the alleged conditions at the time the complaint was filed and

4    based upon the allegations in the complaint, which are to be construed liberally.  Andrews v.

5    Cervantes, 493 F.3d 1047, 1052-55 (9th Cir. 2007).

6            Plaintiff is presently housed at High Desert State Prison.  In his complaint,

7    plaintiff alleges he was transported to court in Sacramento three times and the lengthy transport

8    had "an impact on plaintiff's medical injury." (Dkt. No. 1 at 3.)  Plaintiff states he cannot sit

9    down for that long ride.  (Id.)  In his recent filing, plaintiff reiterates his claim that defendants

10   have caused more injury to his spine and caused him to suffer more pain due to his spinal injury.

11   (Dkt. No. 10.)  Plaintiff also claims that he was seen by a doctor at High Desert State Prison

12   during the week of November 15 and 19, and that the doctor wrote plaintiff a chrono stating

13   plaintiff can sit down for 20 to 30 minutes.  (Dkt. No. 10 at 2.)  Plaintiff now alleges that his

14   "medical issues are being covered-up, his medical injury to his spine has not changed, and to

15   write a new chrono is a violation."  (Id.)

16           On November 9, 2010, this court found that plaintiff's complaint failed to

17   demonstrate plaintiff faced imminent danger of serious physical injury on the date he signed the

18   complaint.  (Dkt. No. 6.)  This finding was based on plaintiff's failure to demonstrate he faced

19   transport to Sacramento in the near future, or that he had a medical chrono stating he cannot sit in

20   a vehicle seat for a long period of time.  (Id. at 2-3.)  In his recent filing, plaintiff failed to rebut

21   or address the court's findings regarding future transport.  (Dkt. No. 10.)  Plaintiff states only that

22   defendants' actions caused plaintiff to be in more pain and caused more injuries to his spine.  He

23   does not state he is facing another long transport in the near future.  Moreover, plaintiff appears

24   to complain that he was recently written a chrono stating that he can sit down for 20 to 30

25   minutes.  However, this new medical chrono should be of benefit to plaintiff in preventing future

26   long distant transports, and rebuts plaintiff's claim that he faces imminent danger of serious

2

physical injury.[2]  Finally, the fact that plaintiff seeks money damages only as a form of relief

belies his representation that he might be under imminent danger.

        In light of the above, plaintiff fails to demonstrate he is facing the imminent

danger of serious physical injury.  Therefore, based on plaintiff's failure to pay the filing fee in

full,[3] IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

        These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, plaintiff may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 8, 2010

_Kendall J. Newman_
_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow2384.fpf

---

    [2]  Plaintiff's complaint does not include any allegations concerning lack of treatment for pain, medical treatment generally, or a "cover-up" of his medical issues.  To the extent plaintiff is now attempting to raise other, newly-alleged issues, or challenging the newly-issued chrono, plaintiff must first address these issues through the administrative grievance process.  Plaintiff did not have this chrono at the time he filed the instant complaint, and the administrative appeals pursued in connection with his complaint were denied, in part, based on the fact plaintiff did not have a medical chrono preventing his transport.  (See, for example, Dkt. No. 1 at 7.)  Plaintiff is advised that all issues must be exhausted by administrative appeals through the director's level prior to raising those issues in federal court.  Booth v. Churner, 532 U.S. 731, 741 (2001).

    [3]  If plaintiff wishes to pursue this civil rights action, he may opt to pay the filing fee in full within the objection period set forth below.